ORIGINAL

08-CV-00776-CMP

___ FILED    ___ ENTERED
___ LODGED    ___ RECEIVED

MAY 1 9 2008 ᴶˢ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MICROSOFT CORPORATION, a corporation,<br><br>      Plaintiff,<br><br>v.<br><br>TRELLIAN, LLC, a California Partnership; TRELLIAN PTY. LTD, an Australian Proprietary Company; and DOMAIN PARK LTD, an entity of unknown origin,<br><br>      Defendants. | NO. **C08 0776** �JᴾᴅD<br><br>**NOTICE OF REMOVAL**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

TO:        The Clerk of the Court;

AND TO:     David A. Bateman and Pallavi Mehta Wahi, counsel for Plaintiff;

AND TO:     The Clerk of the King County Superior Court.

       PLEASE TAKE NOTICE that Defendants TRELLIAN, LLC and TRELLIAN

PTY. LTD. (the "Removing Defendants")[1] hereby exercise their rights pursuant to Title

28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court in the State of

Washington in and for the County of King (Case No. 08-2-02467-9 SEA), to the United

States District Court for the Western District of Washington, in Seattle.

---

[1] The Removing Defendants do not waive any defenses available to them in this action, including but not limited to Plaintiff's failure to serve process.

NOTICE OF REMOVAL - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

# GROUNDS FOR REMOVAL

This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (federal question) because Plaintiff's cause of action arises under the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), (Complaint ¶ 2, Complaint ¶67 ). Removal is therefore proper pursuant to 28 U.S.C. § 1441.

This notice of removal has been filed within thirty (30) days of the Removing Defendants' receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based. Aside from any unserved defendants, all defendants consent to this removal.

The Removing Defendants are entitled to remove this case to the United States District Court for the Western District of Washington. A copy of all process, pleadings, and orders received by the Removing Defendants in the state court proceeding is attached as **Exhibit A** hereto.

DATED this 19th day of May, 2008.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Derek Linke, WSBA No. 38314

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

# EXHIBIT A
## PROCESS, PLEADINGS,
## AND ORDERS RECEIVED



RECEIVED
In King County Superior Court Clerk's Office

JAN - 9 2008

Cashier Section
Superior Court Clerk

Received
APR 3 0 2008
NEWMAN & NEWMAN

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
**and**
**CASE INFORMATION COVER SHEET**
**(cics)**

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: **08 - 2 - 0 2 4 6 7 - 9 SEA**

*CASE CAPTION: Microsoft Corporation v. John Does 1-10*

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

**XXX** Seattle Area, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ Kent Area, defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

Signature of Petitioner/Plaintiff
or
Signature of Attorney for
Petitioner/Plaintiff

32799
WSBA Number

Date

01/09/08
Date

## KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT DESIGNATION
### and
## CASE INFORMATION COVER SHEET

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**APPEAL/REVIEW**

- [ ] Administrative Law Review (ALR 2)*
- [ ] DOL Implied Consent—Test Refusal –only RCW 46.20.308 (DOL 2)*

**CONTRACT/COMMERCIAL**

- [ ] Breach of Contract (COM 2)*
- [ ] Commercial Contract (COM 2)*
- [X] Commercial Non-Contract (COL 2)*
- [ ] Meretricious Relationship (MER 2)*
- [ ] with dependent children? Y / N; pregnant? Y / N
- [ ] Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**

- [ ] Annulment/Invalidity (INV3)*
- [ ] with dependent children? Y / N; wife pregnant? Y / N
- [ ] Nonparental Custody (CUS 3)*
- [ ] Dissolution With Children (DIC 3)*
- [ ] Dissolution With No Children (DIN 3)*
- [ ] wife pregnant? Y / N
- [ ] Enforcement/Show Cause- Out of County (MSC 3)
- [ ] Establish Residential Sched/Parenting Plan(PPS 3)* ££
- [ ] Establish Supprt Only (PPS 3)* ££
- [ ] Legal Separation (SEP 3)*
- [ ] with dependent children? Y / N; wife pregnant? Y / N
- [ ] Mandatory Wage Assignment (MWA 3)
- [ ] Modification (MOD 3)*
- [ ] Modification - Support Only (MDS 3)*
- [ ] Out-of-state Custody Order Registration (FJU 3)
- [ ] Out-of-State Support Court Order Registration (FJU 3)
- [ ] Reciprocal, Respondent Out of County (ROC 3)
- [ ] Reciprocal, Respondent in County (RIC 3)
- [ ] Relocation Objection/Modification (MOD 3)*

**ADOPTION/PATERNITY**

- [ ] Adoption (ADP 5)
- [ ] Challenge to Acknowledgment of Paternity (PAT 5)*
- [ ] Challenge to Denial of Paternity (PAT 5)*
- [ ] Confidential Intermediary (MSC 5)
- [ ] Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- [ ] Initial Pre-Placement Report (PPR 5)
- [ ] Modification (MOD 5)*
- [ ] Modification-Support Only (MDS 5)*
- [ ] Paternity, Establish/Disestablish (PAT 5)*
- [ ] Paternity/UIFSA (PUR 5)*
- [ ] Out-of-State Custody Order Registration (FJU 5)
- [ ] Out-of-State Support Order Registration (FJU5)
- [ ] Relinquishment (REL 5)
- [ ] Relocation Objection/Modification (MOD 5)*
- [ ] Rescission of Acknowledgment of Paternity (PAT 5)*
- [ ] Rescission of Denial of Paternity (PAT 5)*
- [ ] Termination of Parent-Child Relationship (TER 5)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

- [ ] Civil Harassment (HAR 2)
- [ ] Confidential Name Change (CHN 5)
- [ ] Domestic Violence (DVP 2)
- [ ] Domestic Violence with Children (DVC 2)
- [ ] Foreign Protection Order (FPO 2)
- [ ] Sexual Assault Protection Order (SXP 2)
- [ ] Vulnerable Adult Protection (VAP 2)

££ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County
* The filing party will be given an appropriate case schedule
** Case schedule will be issued after hearing and findings.

# KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT DESIGNATION
### and
## CASE INFORMATION COVER SHEET

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*
☐ Foreclosure (FOR 2)*
☐ Land Use Petition (LUP 2)*
☐ Property Fairness (PFA 2)*
☐ Quiet Title (QTI 2)*
☐ Unlawful Detainer (UND 2)

**JUDGMENT**

☐ Confession of Judgment (MSC 2)*
☐ Judgment, Another County, Abstract (ABJ 2)
☐ Judgment, Another State or Country (FJU 2)
☐ Tax Warrant (TAX 2)
☐ Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
☐ Certificate of Rehabilitation (MSC 2)
☐ Change of Name (CHN 2)
☐ Deposit of Surplus Funds (MSC 2)
☐ Emancipation of Minor (EOM 2)
☐ Frivolous Claim of Lien (MSC 2)
☐ Injunction (INJ 2)*
☐ Interpleader (MSC 2)
☐ Malicious Harassment (MHA 2)*
☐ Non-Judicial Filing (MSC 2)
☐ Other Complaint/Petition (MSC 2)*
☐ Seizure of Property from the Commission of a Crime (SPC 2)*
☐ Seizure of Property Resulting from a Crime (SPR 2)*
☐ Structured Settlements (MSC 2)*
☐ Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**

☐ Absentee (ABS 4)
☐ Disclaimer (DSC4)
☐ Estate (EST 4)
☐ Foreign Will (FNW 4)
☐ Guardian (GDN4)
☐ Limited Guardianship (LGD 4)
☐ Minor Settlement (MST 4)
☐ Notice to Creditors -- Only (NNC 4)
☐ Trust (TRS 4)
☐ Trust Estate Dispute Resolution Act/POA (TDR 4)
☐ Will Only—Deceased (WLL4)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital (MED 2)*
☐ Medical Doctor (MED 2)*
☐ Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*
☐ Non-Death Injuries (TMV 2)*
☐ Property Damage Only (TMV 2)*
☐ Victims Vehicle Theft (VVT 2)*

**TORT, NON-MOTOR VEHICLE**

☐ Asbestos (PIN 2)**
☐ Implants (PIN 2)
☐ Other Malpractice (MAL 2)*
☐ Personal Injury (PIN 2)*
☐ Products Liability (TTO 2)*
☐ Property Damage (PRP 2)*
☐ Wrongful Death (WDE 2)*
☐ Tort, Other (TTO 2)*

**WRIT**

☐ Habeas Corpus (WHC 2)
☐ Mandamus (WRM 2)**
☐ Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.



Received

APR 30 2008

NEWMAN&NEWMAN

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| MICROSOFT CORPORATION, | | NO. 08-2-02467-9    SEA |
|---|---|---|
| | | Order Setting Civil Case Schedule (*ORSCS) |
| | Plaintiff(s) | |
| vs | | ASSIGNED JUDGE  Hall                 10 |
| JOHN DOES 1-10, | | FILE DATE:                    01/09/2008 |
| | Defendant(s) | TRIAL DATE:                   06/22/2009 |

A civil case has been filed in the King County Superior Court and will be managed by the *Case Schedule* on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____     |     _____

Print Name                                          Sign Name

*Order Setting Civil Case Schedule (*ORSCS)*                            REV. 8/07        1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] – especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing case.

**SHOW CAUSE HEARINGS FOR <u>CIVIL</u> CASES** [King County Local Rule 4(g)]
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. A review of the case will be undertaken to confirm service of the original complaint. A *Show Cause Hearing* will be set before the Chief Civil or RJC judge if needed. The Order to Show Cause will be mailed to the plaintiff(s) or counsel to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Wed 01/09/2008 | * |
| Confirmation of Service [See KCLR 4.1]. | Wed 02/06/2008 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Wed 06/18/2008 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed or Box 2 is checked.** | Wed 06/18/2008 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Wed 07/02/2008 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Tue 01/20/2009 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon 03/02/2009 | |
| **DEADLINE** for Jury Demand [See KCLR 38(b)(2)]. | Mon 03/16/2009 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon 03/16/2009 | * |
| **DEADLINE** for Discovery Cutoff [See KCLR 37(g)]. | Mon 05/04/2009 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Tue 05/26/2009 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon 06/01/2009 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Mon 06/01/2009 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon 06/08/2009 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Mon 06/15/2009 | * |
| Trial Date [See KCLR 40]. | Mon 06/22/2009 | |

## III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

**DATED:**  01/09/2008

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 8/07    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule.* The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**The following procedures hereafter apply to the processing of this case:**

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through-26 shall apply to the *processing* of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**

1) Settlement/Mediation/ADR Requirement;

2) Exchange of Exhibit Lists;

3) Date for Exhibits to be available for review;

4) Deadline for disclosure of witnesses;

5) Deadline for filing Joint Statement of Evidence;

6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;

7) voir dire questions, etc;

8) Use of depositions at trial;

9) Deadlines for nondispositive motions;

10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;

11) Witnesses -- identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall *complete and file* (with a *copy to the assigned judge) a joint confirmation report* setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court.
Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

**1) Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

**2) Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule* or as soon *thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES:**
**A. Noting of Motions**
**Dispositive Motions:** All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.
King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.
**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.
Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.
Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time.* However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.
Filing of Documents All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.
Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.
Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.
*Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.*
C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.
IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

**PRESIDING JUDGE**

RECEIVED
In King County Superior Court Clerk's Office

:JAN - 9 2008

Cashier Section
Superior Court Clerk

Received

APR 3 0 2008

NEWMAN&NEWMAN

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

MICROSOFT CORPORATION, a
Washington Corporation,

                       Plaintiff,

    v.

JOHN DOES 1-10,

                       Defendants.

No. **08 - 2 - 0 2 4 6 7 - 9 SEA**

COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF

Plaintiff Microsoft Corporation ("Microsoft") brings this action against JOHN

DOES 1-10 ( "Defendants"), and alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This is a complaint for an injunction, damages and other appropriate relief

to stop Defendants from infringing Microsoft's trade and service marks by registering

Internet domain names that are identical or confusingly similar to Microsoft's trademarks

and service marks, and by using those domain names in bad faith to profit from

Microsoft's marks.

2.    In this action, Microsoft asserts violations of the Anticybersquatting

Consumer Protection Act, 15 U.S.C. § 1125(d); of sections 32 and 43 of the Lanham Act,

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    15 U.S.C. § 1114 (Trademark Infringement) and §1125(a) (False Designation of Origin,

2    Unfair Competition/False Advertising); of the Washington Consumer Protection Act

3    (RCW Ch. 19.86); and of Washington common law.

4      3.     This Court has personal jurisdiction over the defendants, all of whom have

5    conducted business activities in and directed to Washington and are primary participants

6    in tortious acts in and directed to Washington.

7      4.     Venue is proper in this Court pursuant to RCW § 4.12.010 to .025 in that a

8    substantial part of the events or omissions giving rise to the claims pled herein occurred in

9    King County, Microsoft seeks damages for personal injury or damage to personal property

10    in King County, and its causes of action arose in King County.

11                   **II.    THE PARTIES**

12      5.     Plaintiff Microsoft is a Washington corporation with its principal place of

13    business in Redmond, Washington.

14      6.     Microsoft is unaware of the true names and capacities of Defendants sued

15    herein as JOHN DOES 1-10 and therefore sues these Defendants by such fictitious names.

16    Microsoft will amend this complaint to allege their true names and capacities when

17    ascertained. Microsoft is informed and believes and therefore alleges that each of the

18    fictitiously named Defendants is responsible in some manner for the occurrences herein

19    alleged, and that Microsoft's injuries as herein alleged were proximately caused by such

20    Defendants. These fictitiously named Defendants are herein referred to collectively as

21    "Defendants."

22      7.     Upon information and belief, the actions alleged herein to have been

23    undertaken by the Defendants were undertaken by each Defendant individually, were

24    actions that each Defendant caused to occur, were actions that each Defendant authorized,

25    controlled, directed, or had the ability to authorize, control or direct, and/or were actions

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF - 2
K:\20001039\3307 1\21039_PMW\21039P20G7

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1 in which each Defendant assisted, participated or otherwise encouraged, and are actions
2 for which each Defendant is liable.

3

4 ## III. MICROSOFT'S BUSINESS AND TRADEMARKS

5     8.    Microsoft is a world leader in the market for software and related products.
6 Microsoft offers a wide range of products and services, including but not limited to
7 computer software such as the Microsoft Windows operating system and Microsoft
8 Office; computer hardware and accessories including keyboards and mice; gaming
9 systems such as the Microsoft XBOX and Microsoft XBOX 360; and Internet service and
10 electronic mail services such as the MSN and Windows Live Hotmail services, to name a
11 few.

12     9.    Microsoft owns registrations for a number of trademarks and service marks
13 that it uses to identify its products and services in the marketplace. Among the marks
14 owned by Microsoft are the following registered marks (collectively the "Microsoft
15 Marks"): AGE OF EMPIRES; AGE OF MYTHOLOGY; ENCARTA; EXCEL; HALO;
16 HOTMAIL; INTERNET EXPLORER; MICROSOFT; MSN; OUTLOOK;
17 POWERPOINT; WIN32; WINDOWS; WINDOWS MEDIA; WINDOWS XP; XBOX;
18 XBOX 360; XBOX LIVE and ZUNE.

19     10.    Since at least October 12, 1997, Microsoft has used, in commerce, the
20 trademark "AGE OF EMPIRES" to promote game software and other related products.

21     11.    On May 22, 1996, Microsoft applied for the registration of the AGE OF
22 EMPIRES trademark. United States Trademark Registration No. 2,137,862 was issued on
23 February 17, 1998. The AGE OF EMPIRES trademark is also the subject of United States
24 Trademark Registration Nos. 2,427,249, 2,457,667, and 3,006,358. *See* Exhibit A. The
25 AGE OF EMPIRES trademark is broadly recognized as a brand identifier for Microsoft's

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1 | game software and related products.

2 | 12. Since at least October 2001, Microsoft has used, in commerce, the
3 | trademark "AGE OF MYTHOLOGY" to promote game software and other related
4 | products.

5 | 13. On February 21, 2000, Microsoft applied for the registration of the AGE
6 | OF MYTHOLOGY trademark. United States Trademark Registration No. 2,698,189 was
7 | issued on March 18, 2003. *See* Exhibit B. The AGE OF MYTHOLOGY trademark is
8 | broadly recognized as a brand identifier for game software and other related products.

9 | 14. Since at least March 1993, Microsoft has used, in commerce, the trademark
10 | "ENCARTA" to promote reference data in the form of a multi-media encyclopedia.

11 | 15. On December 9, 1992, Microsoft applied for the registration of the
12 | ENCARTA trademark. United States Trademark Registration No. 1,874,547 was issued
13 | on January 17, 1995. *See* Exhibit C. The ENCARTA trademark is broadly recognized as
14 | a brand identifier for reference data in the form of a multi-media encyclopedia.

15 | 16. Since at least September 30, 1985, Microsoft has used, in commerce, the
16 | trademark and service mark "EXCEL" to promote spreadsheet software and related
17 | products.

18 | 17. On April 12, 2004, Microsoft applied for the registration of the EXCEL
19 | trademark and service mark. United States Trademark Registration No. 2,942,050 was
20 | issued on April 19, 2005. *See* Exhibit D. The EXCEL trademark and service mark is
21 | broadly recognized as a brand identifier for Microsoft's spreadsheet software and related
22 | products.

23 | 18. Since at least November 15, 2001, Microsoft's predecessor used, in
24 | commerce, the trademark "HALO" to promote game software and other related products.

25 | 19. On February 11, 1999, Microsoft's predecessor applied for the registration

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  of the HALO trademark. United States Trademark Registration No. 2,598,381 was issued
2  on July 23, 2002. The HALO trademark is also the subject of United States Trademark
3  Registration No. 2,837,420. *See* Exhibit E. The HALO trademark is broadly recognized
4  as a brand identifier for Microsoft's game software and related products.

5  20.  Since at least July 4, 1996, Microsoft has used, in commerce, the trademark
6  and service mark "HOTMAIL" to promote advertising and marketing services, including
7  promoting the goods and services of others by placing advertisements and promotional
8  displays in an electronic site accessed through computer networks.

9  21.  On April 10, 1997, Microsoft's predecessor, Hotmail Corporation, applied
10  for the registration of the Hotmail trademark and service mark. United States Trademark
11  Registration No. 2,165,601 was issued on June 16, 1998. *See* Exhibit F. The Hotmail
12  trademark and service mark is broadly recognized as a brand identifier for Microsoft's
13  software and hardware products and for electronic communications services.

14  22.  Since at least January 1, 1995, Microsoft's predecessor has used, in
15  commerce, the trademark "INTERNET EXPLORER" to promote software for browsing
16  the global computer network and secure private networks and related programs.

17  23.  On August 13, 1997, Microsoft's predecessor applied for the registration of
18  the INTERNET EXPLORER trademark. United States Trademark Registration No.
19  2,277,112 was issued on September 14, 1999. *See* Exhibit G. The INTERNET
20  EXPLORER trademark is broadly recognized as a brand identifier for Microsoft's
21  software for browsing the global computer network and secure private networks and
22  related programs.

23  24.  Since at least November 12, 1975, Microsoft has used, in commerce, the
24  trademark and service mark "MICROSOFT" to promote its products and services.

25  25.  On October 22, 1979, Microsoft's predecessor applied for the registration

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   of the MICROSOFT trademark and service mark. United States Trademark Registration

2   No. 1,200,236 was issued on July 6, 1982. The MICROSOFT trademark and service

3   mark is also the subject of United States Trademark Registration Nos. 1,966,382,

4   2,250,973, and 2,285,870. *See* Exhibit H. Microsoft's MICROSOFT trademark and

5   service mark is broadly recognized as identifying plaintiff Microsoft and its various

6   products and services.

7       26.     Since at least March 7, 1995, Microsoft has used, in commerce, the

8   trademark and service mark "MSN" to promote computer hardware and software as well

9   as electronic communications services.

10      27.     On April 25, 1997, Microsoft applied for the registration of the MSN

11   trademark and service mark. United States Trademark Registration No. 2,153,763 was

12   issued on April 28, 1998. The MSN trademark and service mark is also the subject of

13   United States Trademark Registration Nos. 2,201,105, 2,418,517, and 2,459,987. *See*

14   Exhibit I. The MSN trademark and service mark is broadly recognized as a brand

15   identifier for Microsoft's software and hardware products and for electronic

16   communications services.

17      28.     Since at least January 1, 1997, Microsoft has used, in commerce, the

18   trademark "OUTLOOK" to promote computer software and electronic communications

19   services.

20      29.     On February 5, 1996, Microsoft applied for the registration of the

21   OUTLOOK trademark. United States Trademark Registration No. 2,188,125 was issued

22   on September 8, 1998. *See* Exhibit J. The OUTLOOK trademark is broadly recognized

23   as a brand identifier for Microsoft's computer software and electronic communications

24   services.

25      30.     Since at least April 20, 1987, Microsoft has used, in commerce, the

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  trademark "POWERPOINT" to promote computer software.

2      31.    On June 29, 1987, Microsoft applied for the registration of the
3  POWERPOINT trademark. United States Trademark Registration No. 1,475,795 was
4  issued on February 9, 1988. *See* Exhibit K. The POWERPOINT trademark is broadly
5  recognized as a brand identifier for Microsoft's computer software.

6      32.    Since at least January 1992, Microsoft has used, in commerce, the
7  trademark and service mark "WIN32" to promote operating systems and related products.

8      33.    On January 3, 1992, Microsoft applied for the registration of the WIN32
9  trademark and service mark. United States Trademark Registration No. 1,793,187 was
10 issued on September 14, 1993. *See* Exhibit L. The WIN32 trademark and service mark is
11 broadly recognized as a brand identifier for Microsoft's operating systems and related
12 products.

13     34.    Since at least October 18, 1983, Microsoft has used, in commerce, the
14 trademark and service mark "WINDOWS" to promote computer hardware, software, and
15 other electronic services.

16     35.    On August 20, 1990, Microsoft applied for the registration of the
17 WINDOWS trademark and service mark. United States Trademark Registration No.
18 1,872,264 was issued on January 10, 1995. The WINDOWS trademark and service mark
19 is also the subject of United States Trademark Registration Nos. 1,875,069, 1,989,386,
20 2,005,901, 2,212,784, 2,463,509, 2,463,510, 2,463,526, 2,513,051, and 2,565,965. *See*
21 Exhibit M. The WINDOWS trademark and service mark is broadly recognized as a brand
22 identifier for Microsoft's software and hardware products and for other electronic
23 services.

24     36.    Since at least July 1998, Microsoft has used, in commerce, the trademark
25 "WINDOWS MEDIA" to promote computer software for use in the creation, delivery,

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

playing and viewing of video, graphic, audio, text, computer programs and other data over global computer and communications networks.

37.     On July 13, 1998, Microsoft applied for the registration of the WINDOWS MEDIA trademark. United States Trademark Registration No. 2,601,424 was issued on July 30, 2002. *See* Exhibit N. The WINDOWS MEDIA trademark is broadly recognized as a brand identifier for Microsoft's computer media software.

38.     Since at least March 14, 2001, Microsoft has used, in commerce, the trademark and service mark "WINDOWS XP" to promote operating systems and related products.

39.     On January 19, 2001, Microsoft applied for the registration of the WINDOWS XP trademark and service mark. United States Trademark Registration No. 2,640,353 was issued on October 22, 2002. The WINDOWS XP trademark and service mark is also the subject of United States Trademark Registration Nos. 2,640,357, 2,691,662, 2,705,442, 2,710,133, 2,789,690 and others. *See* Exhibit O. The WINDOWS XP trademark and service mark is broadly recognized as a brand identifier for Microsoft's operating system and related products.

40.     Since at least November 21, 2001, Microsoft has used, in commerce, the trademark and service mark "XBOX" to promote television and video converters and related products, including the Xbox home entertainment system.

41.     On October 18, 1999, Microsoft applied for the registration of the XBOX trademark and service mark. United States Trademark Registration No. 2,646,465 was issued on November 5, 2002. The XBOX trademark and service mark is also the subject of United States Trademark Registration Nos. 2,663,880, 2,698,179, 2,730,847, 2,738,849, 2,775,859, 2,776,769, 2,786,794, 2,792,744, 2,811,895, 2,841,854, 2,907,179, 2,934,666 and others. *See* Exhibit P. The XBOX trademark and service mark is broadly

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  recognized as a brand identifier for Microsoft's entertainment products.

2      42.    Since at least November 22, 2005, Microsoft has used, in commerce, the
3  trademark "XBOX 360" to promote interactive game devices.

4      43.    On May 12, 2005, Microsoft applied for the registration of the XBOX 360
5  trademark. United States Trademark Registration No. 3,252,556 was issued on June 12,
6  2007. *See* Exhibit Q. The XBOX 360 trademark and service mark is broadly recognized
7  as a brand identifier for Microsoft's interactive game devices.

8      44.    Since at least November 15, 2002, Microsoft has used, in commerce, the
9  trademark and service mark "XBOX LIVE" to promote entertainment services.

10     45.    On September 27, 2002, Microsoft applied for the registration of the
11  XBOX LIVE trademark and service mark. United States Trademark Registration No.
12  2,902,268 was issued on November 9, 2004. The XBOX LIVE trademark and service
13  mark is also the subject of United States Trademark Registration Nos. 2,940,682,
14  2,940,679 and others. *See* Exhibit R. The XBOX LIVE trademark and service mark is
15  broadly recognized as a brand identifier for Microsoft's entertainment services.

16     46.    Since at least November 14, 2006, Microsoft has used, in commerce, the
17  trademark and service mark "ZUNE" to promote multimedia players, entertainment
18  service and on-line retail store services.

19     47.    On August 16, 2006, Microsoft applied for the registration of the ZUNE
20  trademark and service mark. United States Trademark Registration No. 3,294,152 was
21  issued on September 18, 2007. *See* Exhibit S. The ZUNE trademark and service mark is
22  broadly recognized as a brand identifier for Microsoft's multimedia players and
23  entertainment services.

24      **IV.    MICROSOFT'S INTERNET PRESENCE**

25      48.    Microsoft also maintains a substantial presence on the Internet. Via the

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  Internet, Microsoft advertises its products and services, transacts business with its
2  customers, offers its customers access to many of its services, and provides product
3  support, among other things.

4  49.  In order to provide its customers with easy access to its online products and
5  services, Microsoft has registered a number of Internet domain names. Many of these
6  domain names correspond to Microsoft's trademarks and service marks. Examples of
7  such domain names are <microsoft.com>; <microsoftwindows.com>; <xbox.com>;
8  <msn.com>.

9  50.  Each of these domain names, as well as others registered to Microsoft,
10  resolves to a Microsoft-created website that provides Microsoft's customers with
11  information related to Microsoft's products and services. These websites generate
12  business for Microsoft and allow Microsoft to maintain relationships with its customers.

13                    **V.     DEFENDANTS' UNLAWFUL ACTIONS**

14  51.  Upon information and belief, Defendants are the registrants, traffickers,
15  and users of numerous Internet domain names that contain or consist of Microsoft's Marks
16  and/or intentional misspellings of Microsoft's Marks. These domain names are
17  hereinafter referred to as the "Infringing Domain Names." A representative, though not
18  necessarily exhaustive, list of 187 of Defendants' Infringing Domain Names is attached
19  hereto as **Appendix A.**
20

21  52.  Many of the Infringing Domain Names are currently registered to "Domain
22  Park Limited." According to the domain registration information, Domain Park Limited
23  purports to be an entity with an address in Apia, Samoa. Upon information and belief,
24  Microsoft believes the current registration information for the Infringing Domain Names
25

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF - 10
K:\2000\10300307\121039_PMW\21039P20G7

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  to be false or materially inaccurate.

2      53.    Some of the Infringing Domain Names are currently registered to
3  "Hostmaster Hostmaster." According to the domain registration information, Hostmaster
4  Hostmaster purports to be an entity with an address in Beaumaris, Victoria, AU. Upon
5  information and belief, Microsoft believes the current registration information for the
6
7  Infringing Domain Names to be false or materially inaccurate.

8      54.    Some of the Infringing Domain Names are currently registered to
9  "hostmaster", while the registrant organization remains "Domain Park Limited."
10  According to the domain registration information, hostmaster purports to be an entity with
11  an address in Apia, Samoa. Upon information and belief, Microsoft believes the current
12
13  registration information for the Infringing Domain Names to be false or materially
14  inaccurate.

15      55.    The Infringing Domain Names are identical or confusingly similar to
16  Microsoft's Marks. The Infringing Domain Names do not resolve to websites owned or
17  endorsed by Microsoft. Rather, upon information and belief, many of the Infringing
18  Domain Names resolve to websites that are controlled by Defendants (collectively
19  referred to as "Defendants' Websites").

20      56.    Upon information and belief, Defendants' Websites contain numerous
21
22  advertisements for and/or hyperlinks to a variety of products and services.

23      57.    When a person looking for a Microsoft website lands on one of
24  Defendants' websites, that person may click on one of the advertisements or hyperlinks on
25  the site either because the person finds it easier to click on the advertisement or hyperlink

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

than to continue searching for the Microsoft site, or because the person mistakenly believes Microsoft has authorized or endorsed the advertisements or hyperlinks. In either case, the person has been diverted from the Microsoft website he or she was seeking to visit, and Microsoft has lost the opportunity to interact with that person.

58.     Upon information and belief, Defendants use the Infringing Domain Names to profit from the Microsoft Marks. Upon information and belief, Defendants receive a payment when Internet users click on one or more links or advertisements on the websites of the Infringing Domain Names. Upon information and belief, Defendants receive these payments from one or more advertisers, affiliate programs, and/or search engines. Upon information and belief Defendants also profit from the sale and trafficking of the Infringing Domain Names.

59.     Defendants are not affiliated with, or sponsored by, Microsoft and have not been authorized by Plaintiff to use the Microsoft Marks. Defendants have not now and never have been authorized by Plaintiff to use or register any name or mark that includes the Microsoft Marks.

60.     Upon information and belief, Defendants' registration, trafficking and use of the Infringing Domain Names is to primarily capitalize on the goodwill associated with the Microsoft Marks.

61.     Upon information and belief, Defendants registered the Infringing Domain Names willfully and with bad faith intent to profit from the Microsoft Marks.

## COUNT I
**(Cybersquatting under the Anti-Cybersquatting Consumer Protection Act -- 15 U.S.C. § 1125(d))**

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

62. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 61 above.

63. The Microsoft Marks were distinctive at the time Defendants registered the Infringing Domain Names and remain distinctive today.

64. The Infringing Domain Names were identical or confusingly similar to the Microsoft Marks at the time the Defendants registered the Infringing Domain Names, and remain so today.

65. Defendants have registered, trafficked in and used the Infringing Domain Names with bad faith intent to profit from the Microsoft Marks.

66. Defendants' registration, use and trafficking of the Infringing Domain Names has caused and will continue to cause damage to Microsoft, in an amount to be proven at trial, and is causing irreparable harm to Microsoft, for which there is no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief.

67. Microsoft is entitled to recover Defendants' profits, actual damages and costs in an amount to be proven at trial or statutory damages of up to $100,000 per domain name, treble damages, attorneys' fees and transfer of the Infringing Domain Names to Microsoft.

## COUNT II
**(Trademark Infringement Under the Lanham Act- 15 U.S.C. § 1114)**

68. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 67 above.

69. Defendants' wrongful and unauthorized use of the Microsoft Marks and

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

counterfeits of the Microsoft Marks to promote, market, or sell products and services constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

70. Defendants' intentional and willful infringement of the Microsoft Marks has caused and will continue to cause damage to Microsoft, in an amount to be proven at trial, and is causing irreparable harm to Microsoft for which there is no adequate remedy at law.

71. Microsoft is further entitled to recover damages and to recover its other costs herein. Microsoft is also entitled to injunctive relief against Defendants.

72. Microsoft is further entitled to recover statutory damages, treble damages and attorneys' fees.

## COUNT III
### (False Designation of Origin Under the Lanham Act - 15 U.S.C. § 1125(a))

73. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 72 above.

74. The Microsoft Marks are distinctive marks that are associated with Microsoft and exclusively identify Microsoft's business, products, and services.

75. Defendants have used and continue to use the Microsoft Marks in connection with goods or services, in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such goods or services.

76. Microsoft has been damaged by these acts in an amount to be proven at trial. Microsoft is also entitled to injunctive and equitable relief against Defendants.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

# COUNT IV
**(Unfair Competition/False Advertising Under the Lanham Act - 15 U.S.C. § 1125(a))**

77.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 76 above.

78.     Defendants have used and continue to use the Microsoft Marks in connection with goods or services and false and misleading descriptions or representations of fact in commercial advertising or promotion, thereby misrepresenting the nature, characteristics, and qualities of their or another person's goods, services, or commercial activities.

79.     Microsoft has been damaged by these acts in an amount to be proven at trial. Microsoft is also entitled to injunctive and equitable relief against Defendants.

# COUNT V
**(Unfair Business Practices - RCW § 19.86 et seq)**

80.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 79 above.

81.     Defendants' use of the Microsoft Marks to promote, market, or sell products and services constitutes an unfair business practice pursuant to RCW § 19.86 et seq. Defendants' use of the Microsoft Marks is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Microsoft.

82.     Defendants' unfair business practice has caused and will continue to cause damage to Microsoft, and is causing irreparable harm to Microsoft for which there is no adequate remedy at law.

83.     Defendants' actions violate RCW Ch. 19.86 et seq., and Microsoft is entitled to injunctive relief and to recovery of actual damages. Microsoft is also entitled to treble damages and an award of its attorneys' fees and costs.

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF - 15
K:\2000103\0307 1\21039_PMW\21039P20G7

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# COUNT VI
## (Washington Common Law Unfair Competition)

84.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 83 above.

85.     Defendants' use of the Microsoft Marks has infringed on their distinctive features in a manner that tends to confuse, in the public mind, Defendants' products and advertising with Microsoft's products and advertising. Defendants' conduct has caused and will continue to cause damage to Microsoft, and is causing irreparable harm to Microsoft for which there is no adequate remedy at law.

# COUNT VII
## (Unjust Enrichment)

86.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 85 above.

87.     The acts of Defendants complained of herein constitute unjust enrichment of the Defendants at Microsoft's expense in violation of the common law of Washington.

88.     Microsoft has been damaged in an amount to be proven at trial.

# **PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against Defendants, jointly and severally, as follows:

1.     That the Court issue temporary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    a)    infringing Microsoft's trademarks and service marks;

2    b)    registering, using or trafficking any domain names that are identical or

3  confusingly similar to the Microsoft Marks, including but not limited to domain names

4  containing the Microsoft Marks and domain names containing misspellings of the

5  Microsoft Marks; and

6    c)    assisting, aiding, or abetting any other person or business entity in

7  engaging in or performing any of the activities referred to in subparagraphs a) through b)

8  above.

9    2.    That the Court order the forfeiture or cancellation of the Infringing Domain

10  Names or the transfer of the Infringing Domain Names to Microsoft;

11    3.    That the Court award Microsoft actual damages, liquidated damages and

12  statutory damages, in amount to be proven at trial;

13    4.    That the Court award Microsoft treble damages, in an amount to be proven

14  at trial;

15    5.    That the Court award Microsoft its attorneys' fees and costs incurred

16  herein; and

17    6.    That the Court grant Microsoft all other relief to which it is entitled and

18  such other or additional relief as is just and proper under these circumstances.

19    DATED this 9th day of January, 2008.

20                                KIRKPATRICK & LOCKHART
                                 PRESTON GATES ELLIS LLP
21

22

23    By _____
         David A. Bateman, WSBA # 14262
24       Pallavi Mehta Wahi, WSBA # 32799
         Attorneys for Plaintiff
25       Microsoft Corporation

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## Appendix A – Defendants' Infringing Domain Names

18MSN.COM
1HOTMAILSOURCE.INFO
4ALLMSN.COM
5873HOTMAIL.COM
AGEOFEMPAIRE.COM
AGEOFEMPIERS3.COM
AGEOFMYTHOLOGYITALIA.COM
AILHOTMAIL.COM
ALMARI54HOTMAIL.COM
BAY104HOTMAIL.COM
BETAMSN.COM
BUYXBOXGAME.INFO
CHEAPXBOX360.COM
CHECKMSN.INFO
DOLLIESMSN.COM
DOLLSMSN.COM
DOWNLOADWINDOWSMEDIA.COM
E-MSNMESSENGER.COM
ENCARTAENCYCLOPEDIA.ORG
FREEMSNPACKS.COM
GENMSN.COM
GOMICRSOFT.COM
HALO2CENTER.COM
HALO2COLLEGE.COM
HALO2GLITCH.COM
HALO2MLG.COM
HALO2MULTIPLAYERTRICKS.COM
HALO2REVOLUTION.COM
HALO360FILM.COM
HALO3VIDEO.COM
HALOINTERACTIVE.COM
HOTMA0IL.COM
HOTMAAAAAAIL.COM
HOTMAIALA.COM
HOTMAIH.COM
HOTMAIILL.COM
HOTMAIMAIL.COM
HOTMTAIL.COM
IMAGEN-MSN.COM
INTERNERTEXPLORER.COM
INTERNTEXPLORER.COM
ITERNETEXPLORER.COM
JUNOHOTMAIL.COM
KAPOOKMSN.COM
KIDSHOTMAIL.COM
LEARNWINDOWSPROGRAMMING.COM
MARIANNEVUHOTMAIL.COM

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1. MASSENGERMSN.COM
   MESSENGEMSN.COM
2. MICORSOFTMEDIA.COM
   MICORSOFTWINDOWS.COM
3. MICRISOFTOFFICE.COM
   MICROFTUPDATE.COM
4. MICROSFTWORDS.COM
   MICROSOFELEARNING.COM
5. MICROSOFEOFFICE.COM
   MICROSOFEXPLORER.COM
6. MICROSOFTEXCHANGESHACK.INFO
   MICROSOFTOFFICEEXCEL2003.COM
7. MICROSOFTUPDATEV6MUOPTASPX.COM
   MICROSOFUPDATE.COM
8. MICROSORTWORD.COM
   MICROSSOFTOFFICE.COM
9. MICROSWWWOFT.COM
   MICRSOFTLIVE.COM
10. MICRSOFTONLINE.COM
    MICRSOFTPOWERPOINT.COM
11. MICRWWWOSOFT.COM
    MIRCOSOFTMEDIA.COM
12. MIRCOSOFTOUTLOOK.COM
    MIROSOFTPOWERPOINT.COM
13. MSN07.COM
    MSN24.US
14. MSN91.COM
    MSNADRESSEN.COM
15. MSN-ARB.COM
    MSNAREBIA.COM
16. MSNAUDIOWATCHER.COM
    MSNAVATERS.COM
17. MSN-BLOCKER.COM
    MSNBOCKCHECKER.COM
18. MSNDIPLAYPICS.COM
    MSNDLOOZ.COM
19. MSNDOLLAZ.COM
    MSNDOLLICONS.COM
20. MSNDOLLLS.COM
    MSNDOLLS.NET
21. MSNDOLSS.COM
    MSNDOOLS.COM
22. MSNDOWNLODE.COM
    MSNDOWNLOUD.COM
23. MSNDPS.COM
    MSNFAN.NET
24. MSNGAMEINSTALLER.COM
    MSNGGAME.COM
25. MSNHACKEN.COM
    MSNHILELERI.COM

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF - 19

K:\2000\030307\121039_PMW\21039P20G7

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

| | |
|---|---|
| 1 | MSN-INVESTMENT.COM |
| | MSNLATERS.COM |
| 2 | MSN-LETTER.COM |
| | MSNLETTRES.COM |
| 3 | MSNLETTTERS.COM |
| | MSNLOCALLIVE.COM |
| 4 | MSN-MASANGER.COM |
| | MSNMENSENGER.COM |
| 5 | MSNMENSSAGER.COM |
| | MSNMONKEY.ORG |
| 6 | MSNMYSPCE.COM |
| | MSNNICKNAMEN.COM |
| 7 | MSNNORGE.COM |
| | MSNPICZ.COM |
| 8 | MSN-SPACE.COM |
| | MSNSPCES.COM |
| 9 | MSNSPEACE.COM |
| | MSNTCHAT.COM |
| 10 | MSN-THAI.COM |
| | MSNTRICK.COM |
| 11 | MSN-TRUC-ASTUCE.COM |
| | MSN-TRUC-ASTUCES.COM |
| 12 | NSMMESSENGER.COM |
| | OFFICEMICROSOFR.COM |
| 13 | PIRATAGE-MSN.COM |
| | PORTALESMSN.COM |
| 14 | POWERPOINTEMPLTES.COM |
| | RINCONMSN.COM |
| 15 | SOLOENXBOX.COM |
| | SUPPORTMICRSOFT.COM |
| 16 | TRYMICRSOFTOFFICE.COM |
| | UPDATEWINDOWSINSTALLER.COM` |
| 17 | UPGRADEWINDOWSMEDIAPLAYER.COM |
| | VIDOEMSN.COM |
| 18 | WEBCAMMSN.INFO |
| | WIINDOWSMEDIAPLAYER.COM |
| 19 | WIN32SDK.COM |
| | WINDOESUPDATE.COM |
| 20 | WINDOSDOWNLOAD.COM |
| | WINDOSLIVESPACE.COM |
| 21 | WINDOSMEDIAPLAYER11.COM |
| | WINDOSUPDATES.COM |
| 22 | WINDOWDSUPDATE.COM |
| | WINDOWLIVEMESSENGERDOWNLOAD.COM |
| 23 | WINDOWMEDIALAYER.COM |
| | WINDOWS2000PRO.COM |
| 24 | WINDOWS98DOWNLOAD.COM |
| | WINDOWS98DOWNLOADS.COM |
| 25 | WINDOWSEMDIA.COM |
| | WINDOWSEXEL.COM |

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF - 20

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

WINDOWSINSTANTMESSANGER.COM
WINDOWSINSTANTMESSENGER.COM
WINDOWSLIVEMAILBETA.COM
WINDOWSLIVEMESSEN.COM
WINDOWSLIVEONECARESAFETYSCANNER.COM
WINDOWSMEDIAFLASH.COM
WINDOWSMEDIALPLAYER.COM
WINDOWSMEDIAMOBILE.COM
WINDOWSMEDIANPLAYER.COM
WINDOWSMEDIAPLAYERRADIO.COM
WINDOWSMEDIAPLAYERSONGS.COM
WINDOWSMEDIASPELER.COM
WINDOWSMESENGERLIVE.COM
WINDOWSMESINGER.COM
WINDOWSMESSAGEBLOCKER.COM
WINDOWSMESSENGER8.COM
WINDOWSMILLENNIUMEDITION.COM
WINDOWSMOBILETRAINIG.COM
WINDOWSONPSP.COM
WINDOWSREGISTRATION.COM
WINDOWSREGISTRYCLEANERXP.COM
WINDOWSUDATES.COM
WINDOWSUOPDATE.COM
WINDOWSUPATES.COM
WINDOWSUPDATED.COM
WINDOWSUPDATW.COM
WINDOWSUPODATE.COM
WINDPWSXP.COM
WINDWSMESSENGER.COM
WWWHOTMAII.COM
WWWHOTMAIM.COM
WWWMICROSOLF.COM
WWWWINDOWSLIVEONECARE.COM
WWW-WINDOWSMEDIAPLAYER.COM
XBOOXLIVE.COM
XBOSLIVE.COM
XBOXRIP.NET
XBOXSYDE.COM
XBXOLIVE.COM
ZUNEMP3PLAYER.NET

COMPLAINT FOR DAMAGES AND EQUITABLE
RELIEF - 21

K:\2000103\03071\21039_PMW\21039P20G7

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## ATTACHMENT A

| PLAINTIFF'S ATTORNEYS: | DEFENDANT'S ATTORNEYS: |
|---|---|
| David Bateman, Esq., WSBA No. 14262<br>Pallavi Mehta Wahi,Esq., WSBA No. 32799<br>KIRKPATRICK & LOCKHART<br>PRESTON GATES ELLIS LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104-1158<br>phone: (206) 623-7580<br>fax:    (206) 623-7022 | Derek A. Newman, WSBA No. 26967<br>Derek Linke, WSBA No. 38314<br><br>NEWMAN DICHTER LLP<br>505 Fifth Avenue S., Suite 610<br>Seattle, WA 98104<br>phone: (206) 274-2800<br>fax:    (206) 274-2801 |