UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a corporation,<br><br>                            Plaintiff,<br><br>   v.<br><br>TRELLIAN, LLC, a California Partnership; TRELLIAN PTY. LTD, an Australian Proprietary Company; and DOMAIN PARK LTD, en entity of unknown origin,<br><br>                            Defendants. | No. C08-0776-JPD<br><br>PROTECTIVE ORDER REGARDING HANDLING OF TRADE SECRETS AND CONFIDENTIAL MATERIAL |

THIS MATTER came before the Court on the stipulated motion of plaintiff Microsoft Corporation and defendants Trellian, LLC and Trellian Pty. Ltd., for entry of a Protective Order Regarding Handling of Trade Secrets and Confidential Material. Having considered the parties' agreed motion and the other pleadings and papers filed in this matter, and to protect the confidentiality of proprietary and trade secret information contained in documents produced and information disclosed in this litigation,

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 1
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1. This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" hereafter furnished, and any material designated as "CONFIDENTIAL" disclosed or produced prior to the date of this Order, directly or indirectly, by or on behalf of any party or any nonparty witness in connection with this action. As used herein, "disclosing party" shall refer to the parties to this section or to third parties who give testimony or produce documents or other information.

2. The following information may be designated as "CONFIDENTIAL MATERIAL": any trade secret or other confidential research, design, development, financial, or commercial information, as such terms are used in Rule 26(c)(7) and any applicable case law interpreting Rule 26(c)(7), contained in any document, discovery response or testimony. Each provision in this Order applying to "CONFIDENTIAL MATERIAL" shall also apply to material designated as "CONFIDENTIAL" disclosed or produced prior to the date of this Order.

3. The following information may be designated as "ATTORNEYS ONLY MATERIAL": any trade secret or other confidential research, design, development, or commercial information, as such terms are used in FRCP 26(c)(7) and any applicable case law interpreting Rule 26(c)(7), contained in any document, discovery response, or deposition testimony, that is entitled to a higher level of protection due to its commercial sensitivity.

4. In designating information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," a disclosing party shall make such a designation only as to materials which it in good faith believes is confidential. "CONFIDENTIAL

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 2
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

MATERIAL" and "ATTORNEYS ONLY MATERIAL" shall be used by the parties to this litigation solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

5. In the absence of written permission from the disclosing party, or an order of the Court, information designated as "CONFIDENTIAL MATERIAL", or as "CONFIDENTIAL" in the case of materials disclosed or produced prior to the date of this Order, shall be used solely for the purposes of litigation between the parties hereto, and may be disclosed by the parties only to the following persons:

    a. The attorneys working on this action on behalf of any party, including in-house attorneys and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

    b. Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

    c. Employees of a party who are required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

    d. Any person of whom testimony is taken, except that such person may be shown copies of "CONFIDENTIAL MATERIAL" in preparation for and during his testimony, but may not retain any "CONFIDENTIAL MATERIAL"; and

    e. The Court, jury, court personnel, court reporters, and other persons connected with the Court.

6. In the absence of written permission from the disclosing party, or an order of the Court, information designated as "ATTORNEYS ONLY MATERIAL" shall be used

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 3
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

solely for the purposes of litigation between the parties hereto, and may be disclosed to only the following persons:

    a.    The persons set forth in paragraph 5(a);

    b.    The persons set forth in paragraph 5(b);

    c.    The persons set forth in paragraph 5(d);

    d.    The persons set forth in paragraph 5(e);

7.    The persons described in paragraph 5(b) shall have access to the "CONFIDENTIAL MATERIAL," and the persons described in paragraph 6(b) shall have access to the "ATTORNEYS ONLY MATERIAL" only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."

8.    Each individual who receives any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order. Each individual (other than court personnel) who receives any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall be provided with a copy of this Protective Order by the person providing such material.

9.    The recipient of any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 4
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

is reasonably necessary for the conduct of this lawsuit.  All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based

10. Disclosing parties shall designate "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" as follows:

a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."  In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" at the tine of its production, that party may at any time thereafter stamp or otherwise designate the document or other information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."  Such document or other information shall be treated as designated beginning at the time such designation occurs.

b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose "CONFIDENTIAL MATERIAL" OR "ATTORNEYS ONLY MATERIAL" the deponent has had access, which counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.  During those fourteen days, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL MATERIAL," unless counsel during the deposition states that the

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 5
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

information is "ATTORNEYS ONLY MATERIAL" in which case that portion of the deposition designated as "ATTORNEYS ONLY MATERIAL" shall carry that designation for the fourteen day period.

    c.    Any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" produced in a nonpaper media (*e.g*., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such nonpaper media as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" and filing this material in a sealed envelope with a legend described in paragraph 9(c). In the event a receiving party generates any "hard copy," transcription, or printout from any such designated nonpaper media, such party must treat each copy, transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

11.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with said written notice. However, in the event of a dispute about the propriety of a designation that arises in connection with the denial of a motion to seal (*see* paragraph 12 below), the party challenging the designation may request an immediate telephonic motion pursuant to Local Rule 7(h) to resolve the matter. The burden of proving that information has

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 6
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

been properly designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is on the party making such designation.

12. Documents containing "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" of any party shall not be filed with the Court unless the filing party believes it is reasonably necessary to do so for purposes of trial or motions, including without limitation, motions for preliminary injunction or summary judgment, or other Court matters. The parties shall take reasonable steps to file "CONFIDENTIAL MATERIAL" and "ATTORNEYS ONLY MATERIAL" under seal pursuant to FRCP 26(c)(7) and Local Rule 5(g).

13. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

14. In the event any receiving party having possession, custody or control of any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a nonparty to this action, such receiving party shall notify counsel for the producing party or third party of the subpoena or other process or order, furnish counsel for the producing party or third party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing party or third party whose interests may be affected. The producing party or third party asserting the "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL"

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 7
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

treatment shall have the burden of defending against such subpoena, process or order. The receiving party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party or third party asserting the "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

15. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. Upon written request by the inadvertently producing party or third person, the receiving party shall: (a) return the original and all copies of such documents or promptly petition the Court for a determination whether (i) production is properly deemed inadvertent or (ii) the document is subject to a claim of privilege; and (b) shall not use such information for any purpose unless allowed by order of the Court.

16. Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL," all "ATTORNEYS ONLY MATERIAL," and all copies thereof, shall be returned to the party which produced it or shall be destroyed. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

17. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

18. This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

19. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 8
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

IT IS SO ORDERED:

DATED this 6th day of August, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

Presented by:

K&L GATES LLP

By   s/ David A. Bateman
David A. Bateman
Attorney for Plaintiff
Microsoft Corporation
925 Fourth Ave., Suite 2900
Seattle, Washington 98104
Tele: (206) 623-7580
Fax: (206) 370-6013
Email: david.bateman@klgates.com

NEWMAN DICHTER LLP

By   s/ Derek Linke
Derek A. Newman
Derek Linke
Attorney for Defendants
Trellian, LLC and Trellian Pty. Ltd.
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
Tele: (206) 274-2800
Fax: (206) 274-2801
Email: linke@newmandichter.com

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 9
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER REGARDING HANDLING OF TRADE SECRETS AND CONFIDENTIAL MATERIAL which was entered by the Court on _____ in *Microsoft Corporation v. Trellian, LLC, et al.*, Western District of Washington Case No. C08-0776-JPD, that he/she is one of the persons contemplated in paragraphs 5 or 6 thereof as authorized to receive disclosure of information designated "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIALS" respectively, by either of the parties or by nonparties, and that he/she has read and fully understands and agrees to abide by the obligations and conditions of the Protective Order.

_____
*(Signature)*

_____
*(Typed Name)*

_____
*(Title or Position)*

_____
*(Company)*

_____
*(Dated)*

PROTECTIVE ORDER REGARDING HANDLING
OF TRADE SECRETS AND CONFIDENTIAL
MATERIAL - 10
Case No. C08-0776-JPD

K:\2000103\03071\20332_DAB\20332P2431

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022